Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Anthony J. DiRaimondo (admitted *pro hac vice*)
*adiraimondo@rrsc-law.com*
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

*Counsel for Plaintiff Andy Ayala and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ANDY AYALA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SIXT RENT A CAR, LLC, *a Delaware and Florida limited liability company*,<br><br>Defendant. | Case No. 2:19-cv-01514-FMO-MRW<br><br>**PLAINTIFF ANDY AYALA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE AND TO STAY BRIEFING/DECISION ON MOTION TO DISMISS**<br><br>Date: July 11, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 6D<br>Judge: Honorable Fernando M. Olguin |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF FACTS ..................................................................................... 1

    I.    Plaintiff's Complaint ................................................................................ 1

    II.   Defendant's Removal and Certification of Subject Matter Jurisdiction ............................................................................................... 1

    III.  Defendant's Motion to Dismiss Changes Position and Disavows This Court's Subject Matter Jurisdiction ............................................... 1

ARGUMENT ........................................................................................................... 2

    I.    The Court Must Remand This Case Because Defendant's Removal Was Wrongful ........................................................................... 2

    II.   The Court Should Stay Briefing On Defendant's Motion to Dismiss ..................................................................................................... 4

CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

**CASES**

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251 (9th Cir. 1997) .......................2

*Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*,
346 F.3d 1190 (9th Cir. 2003) ...................................................................................2

*Mocek v. Allsaints USA Ltd.*, 220 F.Supp.3d 910, 914 (N.D. Ill. 2016) ...................3

*Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ......2

*Ruhrgas AG v. Marathon Oil Co.*, et al., 526 U.S. 574 (1999)..................................2

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)........................2

**STATUTES**

28 U.S.C. 1447 ..........................................................................................................2

Plaintiff Andy Ayala ("Plaintiff") respectfully submits this memorandum of points and authorities in support of his Motion to Remand Case and Stay Briefing/Decision on Motion to Dismiss.

## STATEMENT OF FACTS

### I. Plaintiff's Complaint

On January 28, 2019, Plaintiff filed his Complaint in the Superior Court for the State of California for the County of Los Angeles. Compl., ECF No. 1 at 20-34.

### II. Defendant's Removal and Certification of Subject Matter Jurisdiction

On March 1, 2019, Defendant removed the case to this Court. Notice of Removal, ECF No. 1. Defendant's Notice of Removal certified the existence of subject matter jurisdiction. Id. at 3 ("II. THIS COURT HAS SUBJECT MATTER JURISDICTION").

### III. Defendant's Motion to Dismiss Changes Position and Disavows This Court's Subject Matter Jurisdiction

On May 9, 2019, Defendant filed its Motion to Dismiss. ECF No. 30. Defendant's Motion constitutes a complete change in position from the confirmation made in its removal papers. Specifically, Defendant's Motion to Dismiss expressly disavows this Court's subject matter jurisdiction over this case and seeks dismissal with prejudice on such grounds:

- "Based on the well-settled Article III standing doctrine, which requires an injury in fact, Plaintiff lacks standing and his claims should therefore be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction." Mem. of P&A, ECF No. 30-1 at 1.
- "The First Amended Complaint should be dismissed with prejudice for want of Article III standing." Id. at 2.
- "Plaintiff's request for an injunction does not confer standing. A party seeking injunctive relief in federal court must first establish the court's subject matter jurisdiction." Id. at 12 n.3.

1

- "The Court lacks subject matter jurisdiction over this case because Plaintiff lacks standing." *Id*. at 35.

## ARGUMENT

### I. The Court Must Remand This Case Because Defendant's Removal Was Wrongful

"In an ordinary removal case, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 28 U.S.C. § 1447(c)). "No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court." *Id*. (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co*., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, the question of proper jurisdiction is a threshold issue that must be decided before this Court proceeds in this matter in any way. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("without proper jurisdiction, a court cannot proceed at all"). And the United States Supreme Court has held that "subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, et al., 526 U.S. 574, 583 (1999); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment [in a removed case] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

"Moreover, the district court generally must remand the case to state court, rather than dismiss it." *Polo*, 833 F.3d at 1196 (citing *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997)). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter." *Id*. "State courts are not bound by the constraints of Article III." *Id*. (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989)).

These general principles apply with equal force to CAFA removals:

> The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under [28 U.S.C.] § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case. § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under [CAFA], except ... section 1447(d)....

*Polo*, 833 F.3d at 1196.

At least one federal court strongly criticized defendants where, such as the case here, they "tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice." *Mocek v. Allsaints USA Ltd.*, 220 F.Supp.3d 910, 914 (N.D. Ill. 2016). In *Mocek*, the court sanctioned defendant by awarding plaintiff its attorneys' fees (in the amount of $58,112.50) associated with defendant's wrongful removal of case based on its subsequent arguments against federal jurisdiction. *Id*. at 914-15.

Here, Defendant wrongfully removed this case because it plainly certified the existence of subject matter jurisdiction in order to achieve removal and then changed its position to expressly disavow subject matter jurisdiction in hopes of obtaining a dismissal with prejudice. Put another way, Defendant's removal is essentially void ab initio because the representations made in those removal papers are now blatantly contradicted by the assertions Defendant presently makes in its pending Motion to Dismiss. Accordingly, the Court must remand this case to state court where it originated.

Plaintiff does not move for sanctions; however, it notes that courts have sanctioned defendants for similar conduct. *Mocek*, 220 F.Supp.3d at 914.

## II. The Court Should Stay Briefing On Defendant's Motion to Dismiss

Defendant will likely argue that this case should not be remanded until the Motion to Dismiss is fully briefed so that the Court can make a determination on the merits. Not so. Again, Defendant's change of position essentially renders the removal void ab initio. There is no need to consider the merits of Defendant's standing-related arguments because this case should have never been removed in the first place.

Moreover, it would be a waste of time and resources for there to be further briefing on these standing issues. Plaintiff filed this case in state court and Defendant's wrongful removal has delayed Plaintiff from proceeding in that proper forum. Plaintiff also should not have to spend considerable time and money researching and briefing standing and other dismissal concepts raised in the Motion to Dismiss because Defendant's own change in position renders the removal wrongful from the outset. Remand is necessary and appropriate and briefing/decision on the Motion to Dismiss should be stayed until remand is ordered.

A stay will conserve the time and resources of this Court. It is reckless and inconsiderate for Defendant to seek to burden this Court with substantive briefs concerning standing and other dismissal arguments if this case never should have been removed in the first place and it can be immediately remanded. Accordingly, the Court should stay all briefing/decision on Defendant's Motion to Dismiss (and vacate the hearing) pending a determination as to Defendant's wrongful removal and the appropriate remand of this case.

## CONCLUSION

For the reasons given above, it is respectfully requested that this Court: (1) remand this case to state court; and (2) stay further briefing/decision on Defendant's Motion to Dismiss and vacate the hearing pending determination of wrongful removal and remand.

Date: June 11, 2019                                    Respectfully submitted,

**REESE LLP**

By: */s/ Michael R. Reese*
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (SBN 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Anthony J. DiRaimondo (*pro hac vice*)
*adiraimondo@rrsc-law.com*
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway
Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

*Counsel for Plaintiff Andy Ayala and the Proposed Class*

5