JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANDY AYALA, | Case No. CV 19-1514 FMO (MRWx) |
|---|---|
| Plaintiff, | |
| v. | **ORDER Re: MOTION TO REMAND** |
| SIXT RENT A CAR, LLC, | |
| Defendant. | |

Having reviewed and considered all the briefing filed with respect to plaintiff Andy Ayala's ("plaintiff") Motion to Remand Case and to Stay Briefing/Decision on Motion to Dismiss (Dkt. 34, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

Defendant Sixt Rent a Car, LLC ("defendant") is a car rental company, (see Dkt. 1-1, Complaint at ¶ 17), that utilizes electronic systems in its cars that allow renters to interface their own devices with defendant's systems. (See id. at ¶¶ 21-25). However, defendant's systems copy and store some of the renter's private data. (See id. at ¶ 27). Plaintiff, who rented a vehicle in July 2016, (see id. at ¶ 9), brings this lawsuit alleging that defendant failed to delete his private data at the end of the rental period. (See id. at ¶¶ 12-13). Plaintiff alleges that defendant's failure

to delete a customer's private data renders him and other class members vulnerable to identity thieves and other malefactors. (<u>See</u> <u>id.</u> at ¶ 34).

On January 28, 2019, plaintiff filed the instant action in the Los Angeles County Superior Court on his own behalf and on behalf of a class of individuals who had rented vehicles from defendant during the relevant time period. (<u>See</u> Dkt. 1-1, Complaint at ECF 41 & 47). Plaintiff asserts two causes of action for: (1) violation of Article I, § I of the California Constitution, and (2) violation of Cal. Civ. Code §§ 1939.01, <u>et</u> <u>seq</u>. (<u>See</u> <u>id.</u> at ¶¶ 54-80). On March 1, 2019, defendant removed the action to this court, invoking the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, <u>et</u> <u>seq.</u> (<u>See</u> Dkt. 1, Notice of Removal ("NOR") at ¶ 9).

## **LEGAL STANDARD**

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. <u>See</u> 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." <u>United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.</u>, 602 F.3d 1087, 1090-91 (9th Cir. 2010); <u>see</u> <u>Ibarra v. Manheim Invs., Inc.</u>, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements[.]"). Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S.Ct. 547, 554 (2014). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." <u>Abrego Abrego</u>

v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam) (noting that Congress passed CAFA in the context of a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." Ibarra, 775 F.3d at 1197. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Id. (internal quotation marks omitted). "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198.

## DISCUSSION

Defendant removed the instant action on the ground that the court "has subject matter jurisdiction" over the case. (Dkt. 1, NOR at 3) (formatting omitted). However, a couple months after removing the action to this court, defendant filed a motion to dismiss arguing that plaintiff's claims "should[] be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction." (Dkt. 30-1, Memorandum[] in Support of Defendant's Motion to Dismiss[] ("MTD Mem.") at 1). Specifically, defendant argues that plaintiff lacks Article III standing because he has not suffered an injury in fact. (See id. at 1-2). Thus, "defendant [is trying] to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than the remand required by § 1447(c)." Mocek v. Allsaints USA Ltd., 220 F.Supp.3d 910, 914 (N.D. Ill. 2016).

In Mocek, the court addressed a situation very similar to the instant one. There, as here,

a plaintiff filed a class action complaint in state court.  See Mocek, 220 F.Supp.3d at 911. Defendant removed the action to federal court, "asserting federal subject matter and diversity jurisdiction."  Id.  Then, a "month later, without alleging any change in circumstances bearing on jurisdiction, defendant moved to dismiss the case for lack of federal jurisdiction."  Id. (footnote omitted).  "Specifically, defendant asserted that plaintiff lacks standing[.]"  Id.

As in Mocek, defendant now asks the court to pass upon the merits of its motion to dismiss, arguing that if the court determines plaintiff lacks standing, remand would be rendered "futile." (See Dkt. 35, Opposition to Motion to Remand Case[] ("Opp.") at 5).  However, because "the parties are[] aligned in the view that [the court] lack[s] subject-matter jurisdiction" the court concludes "that remand is required."  Mocek, 220 F.Supp.3d at 912; see, e.g., Soto v. Great America LLC, 2018 WL 2364916, *2-3 (N.D. Ill. 2018) (remanding case where "[n]either party disputes that federal jurisdiction is lacking[,]" and rejecting defendant's argument that remand would be futile because "Illinois is not bound to follow Article III's requirements in the same way that federal courts are"); Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998) ("This court holds that plaintiffs cannot voluntarily invoke, and then disavow, federal jurisdiction."); Direct Mortgage Corp. v. Keirtec, Inc., 478 F.Supp.2d 1339, 1340-41 (D. Utah 2007) (applying Akin's reasoning to a defendant who removed to federal court, because a party may not "simultaneously try to reap benefits from both state and federal jurisdiction, rather than wholly committing to one").

Finally, when defects in a court's subject matter jurisdiction exist, a "district court generally must remand the case to state court, rather than dismiss it."  Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) (emphasis in original).  This is "because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter.  State courts are not bound by the constraints of Article III."  Id. ; see Miranda v. Magic Mountain LLC, 2018 WL 571914, *3 (C.D. Cal. 2018) ("So long as there is no disabling incompatibility or express intent by Congress to the contrary . . . a state court may adjudicate a claim that could not have been brought in federal court due to lack of standing.").

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand Case and to Stay Briefing/Decision on Motion to Dismiss **(Document No. 34)** is **granted** as set forth herein.

2. Defendant's Motion to Dismiss[] **(Document No. 30)** is **denied without prejudice** as moot.

3. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012.

4. The Clerk shall send a certified copy of this Order to the state court.

Dated this 8th day of July, 2019.

/s/
Fernando M. Olguin
United States District Judge